**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DONNA LYNN EDEN § | |
| § | |
| v. § | |
| § Case No. 2:17-cv-624-RSP | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

**MEMORANDUM RULING**

On January 11, 2017, Administrative Law Judge Donald R. Davis issued a decision finding that Petitioner Donna Lynn Eden (Campbell) was not disabled within the meaning of the Social Security Act from October 31, 2014 through the date of the decision. Ms. Eden, who was 63 with a high school education, was found to be suffering from severe impairments consisting of degenerative disc disease, degenerative joint disease, scoliosis, stenosis, arthritis, depression, and posttraumatic stress disorder. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least October 31, 2014. Before that time she had worked as an office manager in an auto repair shop on and off from 1998 to 2014. She was not able to return to that work.

After reviewing the medical records and receiving the testimony at the August 4, 2016 video hearing, where Petitioner was represented by her attorney Jeffrey Sullivan, the ALJ determined that Petitioner had the residual functional capacity to perform light work, as defined in the Social Security Regulations with certain limitations. She could occasionally lift and/or carry 20 pounds, lift and/or carry 10 pounds frequently, and can sit, stand and/or walk for 6 hours in an 8-hour workday. She can occasionally climb ladders, ropes or scaffolds, ramps and stairs. She can

1

engage in unlimited balancing and stooping, but only frequent kneeling, crouching, and crawling. She can carry out detailed but not complex instructions. She can attend and concentrate for extended periods, interact adequately with coworkers and supervisors, and respond appropriately to changes in a routine work setting. Her interaction with the public, coworkers and supervisors should be limited to only 2-hour intervals between breaks. She can attend and concentrate for only 2-hour intervals between breaks, but can sustain a full 8-hour workday.

Based on the testimony of a vocational expert witness, Russell B. Bowden, the ALJ determined that Petitioner could perform work as a customer service clerk, which is a job that exists in significant numbers in the national economy. This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on June 30, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for further proceedings.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the

substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises a single on this appeal: The ALJ's mental residual functional capacity determination is unsupported by substantial evidence as the ALJ failed to reconcile the opinion of consultative psychologist Dr. Grant.

In understanding the record of this case, it is helpful to know that this particular ALJ adopts a somewhat academic style, seeking to explain his rulings to the Petitioner in less specialized language than is usually used in ALJ decisions. He also has a habit of expressly building into the limitations of the RFC the 15-minute breaks that the regulations allow every two hours (longer for lunch) in an 8-hour workday. The frustration of Petitioner's hearing counsel with the idiosyncrasies of this ALJ was evident at the hearing.

The specific issue raised by Petitioner is whether the ALJ adequately considered the report of Dr. David Grant, Ph.D., a consultative psychologist who examined Petitioner one time, on June 25, 2015, at the request of the agency. The ALJ does have the obligation to either accommodate the relevant findings of an examining doctor into the RFC, or to explain the reasons that he chooses not to adopt those findings.

The ALJ discussed the report of Dr. Grant several times in his decision. He said that Dr. Grant's exam "gave evidence of anxious mood, but otherwise resulted in relatively modest mental findings" and "revealed evidence of anxiety, but otherwise gave generally normal findings." (Tr. 25, 31). Dr. Grant diagnosed Petitioner with posttraumatic stress disorder resulting from childhood rapes. (Tr. 318). He noted that she had treatment in her 20's but was not on any medication and

3

had not had any mental health treatment for 10 years. She reported being anxious and getting overwhelmed easily. Dr. Grant found that she was pleasant and cooperative. Her mood was anxious but her affect was appropriate. She was well-oriented, had adequate memory, appropriate abstract thinking, and adequate concentration and persistence, and worked at a good pace. She had good communication skills but stays to herself. His "recommendation" was as follows:

> "She is currently able to understand, carryout, and follow instructions. It is not likely that she would respond appropriately to work pressure in a work setting due to ongoing anxiety related issues. Her ability to tolerate stress associated with competitive work and make reasonable occupational adjustments is poor. She does appear to be able to manage funds without assistance."

(Tr. 322). The ALJ expressly gave "partial weight" to the opinion of Dr. Grant in one part of his decision. (Tr. 31). In that section, the ALJ did not clearly explain why. However, in other sections he did explain that finding. The ALJ noted the "apparent disagreement" between Dr. Grant's "concern about stress" and the absence of any such concern from the non-examining mental consultants. His solution was to give each of them only partial weight and to "add a restriction not included by the DDS consultants," namely the limitation to only two-hour intervals between breaks. (Tr. 33-34).

In a different section of his decision, the ALJ noted that "a psychological consultative examiner concluded that anxiety would interfere with the claimant's ability to respond appropriately to work pressure. On the other hand, he also indicated that she performed evaluation tasks at a good pace and exhibited adequate memory, concentration, and persistence." (Tr. 27-28). Although not named, the ALJ was clearly speaking of Dr. Grant, the only psychological consultative examiner. He went on to discuss evidence in the record of Petitioner's ability to perform activities of daily living, which supported her ability to overcome the anxiety. This was

4

another reason, beyond the DDS consultants, for only giving partial weight to Dr. Grant's concerns.

It should also be noted that Dr. Grant did not opine that Petitioner could not tolerate the stress of the work she had been doing for many years up until the year before his exam. His words used many qualifiers and simply expressed doubt about her ability to handle the work. The role of the ALJ is to weigh the competing evidence from all sources and make the determination about functional capacity and disability. The ALJ's decision in this case shows a careful consideration of all of the evidence. Given the long history of successful work despite the lifelong anxiety issues, the lack of reliance on any medication, the absence of efforts to obtain mental health treatment, the evidence of fairly successful independent living, and the very limited restrictions expressed by Dr. Grant, the Court finds that the residual functional capacity determination of the ALJ is supported by substantial evidence in the record.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 31st day of May, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE